Prob 12C
(rev. 09/21)

U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Mar 18 - 2026
John M. Domurad, Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**Petition for Warrant or Summons for Person Under Supervision**

Name of Defendant: Liam Bowen    Case Number: 0206-1:11CR00084

Name of Sentencing Judicial Officer: Honorable Gary L. Sharpe, Senior U.S. District Judge

Name of Current Judicial Officer: Honorable Anne M. Nardacci, U.S. District Judge (Reassigned 8/19/2025)

Date of Original Sentence:
1. December 7, 2011
2. November 18, 2014 (Revocation)
3. August 13, 2015 (Revocation)
4. January 17, 2018 (Revocation)

Original Offense:
1. Possession of Child Pornography
2. Violation: Unauthorized internet device; possession of pornography; alcohol use
3. Violation: Unauthorized internet access; view pornographic materials
4. Violation: Commission of a new Federal Crime (Possession of Child Pornography); Possession of Data Storage Device without Approval

Original Sentence:
1. 24 months incarceration and 20 years supervised release
2. Revocation: 9 months incarceration and 20 years supervised release
3. Revocation: Time Served and 20 years supervised release
4. Revocation: 60 months incarceration and 20 years supervised release

Type of Supervision: Supervised Release    Date Supervision Commenced: December 9, 2021

Asst. U.S. Attorney: Richard Belliss    Defense Attorney: To Be Assigned

---

**PETITIONING THE COURT**

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Prob 12C
(rev. 09/21)

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition: You must not unlawfully possess a controlled substance.**<br><br>On June 6, 2023, Bowen admitted to probation staff that he used THC while still under the supervision of the Western District of North Carolina probation office.<br><br>*This information is based on knowledge of the probation officer (Grade C Violation)* |
| 2 | **Special Condition: You shall refrain from the use of alcohol and be subject to alcohol testing while under supervision.**<br><br>On July 7, 2023, Bowen tested positive for alcohol and admitted to use. During a home contact on August 21, 2025, Bowen admitted to relapsing with alcohol use approximately three weeks prior and consuming alcohol on August 20, 2025. Bowen reported to the probation office on September 8, 2025, and tested positive for alcohol. When confronted, Bowen admitted to consuming alcohol on September 6, 2025. Bowen reported to the probation office on October 15, 2025, and admitted to consuming alcohol on or about October 12, 2025. On March 18, 2026, Bowen admitted to relapsing with alcohol use on four of the seven previous nights.<br><br>*This information is based on knowledge of the probation officer, signed admission forms and lab reports (Grade C Violation)* |
| 3 | **Special Condition:** The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer. Such computers, computer hardware or software is subject to warrantless searches and/or seizures by the U.S. Probation Office. The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use.<br><br>During a search of Bowen's residence conducted on March 18, 2026, a laptop and tower were located on the first floor of the residence and a user profile with the name 'Liam' was discovered on the device. Additionally, Bowen's roommate indicated that this device is utilized by Bowen. Bowen did not have prior authorization to utilize this device.<br><br>*This information is based on knowledge of the probation officer (Grade C Violation)* |

U.S. Probation Officer Recommendation:

The term of supervision should be:

☒ Revoked

☐ Extended for Extension years, for a total term of Total Term years

☐ The conditions of supervision should be modified as follows:

Modify Conditions

Prob 12C
(rev. 09/21)

I declare under penalty of perjury that the foregoing is true and correct.

Approved:

Dan Casullo
Supervisory U.S. Probation Officer

Submitted by:

Marc Lavigne, Sr. USPO

Executed on: March 18, 2026

---

Name of Offender: Liam Bowen Case Number: 1:11CR00084

THE COURT ORDERS:

☐ No Action
☐ The Issuance of a Summons
☐ Other
☒ The Issuance of a Warrant. This petition and all documents attached hereto are **SEALED** until such time as the warrant generated by this petition is returned executed.
☒ The U.S. Probation Office is authorized to release documents identified within the petition as evidence supporting the violation to the U.S. Attorney's Office. The U.S. Probation Office is also authorized to release the Presentence Report to counsel.
☐ All court appearances, including the initial appearance and detention hearing, will be handled by this judicial officer.

The District Court Clerk's Office is hereby **ORDERED NOT** to serve a copy of this petition or any of the attached documents upon anyone EXCEPT that a copy is to be served upon law enforcement personnel. Copies shall be served upon the unsealing of the petition.

Hon. Anne M. Nardacci, U.S.D.J.

March 18, 2026
Date

Prob 12C
(rev. 09/21)

## Violation Guideline Calculation

| | |
|---|---|
| Most Serious Grade of Violation (see §7B1.1(b)) | Grade C |
| Criminal History Category (see §7B1.4(a)) | I |
| Range of Imprisonment (see §7B1.4(a)) | 3-9 months |
| Maximum Term of Imprisonment (see 18 U.S.C. § 3583(e)(3), 18 U.S.C. § 3565(a)) | 2 years |

In this case, the defendant was originally convicted of a **Class C Felony** and therefore, the Court may not impose a sentence of more than **two years'** imprisonment pursuant to 18 U.S.C. § 3583(e)(3). The Court may sentence the defendant to a period of supervised release of **up to life**, less any term of imprisonment that was imposed upon this and prior revocations of supervised release, pursuant to 18 U.S.C. § 3583(h).

**Sentencing Options for Grade B and C Violations Only** (Check the appropriate box):

☒ **(a)** If the minimum term of imprisonment determined under §7B1.4) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ **(b)** If the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ **(c)** If the minimum term of imprisonment determined under §7B1.4 is more than ten months, no sentencing options to imprisonment are available.

**Unsatisfied Conditions of Original Sentence** (List any restitution fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution | N/A | Community Confinement | N/A |
| Fine | N/A | Location Monitoring | N/A |
| Other-Special Assessment | N/A | Community Service | N/A |

**Departure:**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

**Official Detention Adjustment** (see §7B1.3(e)): **Months months** Days days

**Supervision Summary:**

On December 7, 2011, Liam Bowen was sentenced in the Northern District of New York to 24 months imprisonment and 20 years Supervised Release after his guilty plea to Possession of Child Pornography. His first term of Supervised Release was revoked on November 18, 2014, and he was sentenced to 9 months imprisonment and 20 years of Supervised Release for conduct including Alcohol Use, Viewing Pornography and Possessing an Unauthorized Internet Capable Device. Bowen's second term of Supervised Release was revoked on August 13, 2015, and he was sentenced to Time Served (60 days) and 20 years of Supervised Release for conduct to include Viewing Pornography, Unauthorized Internet Access and Computer Software Systems. His third term of Supervised Release was revoked on January 17, 2018, and he was sentenced to 60 months imprisonment with 20 years of Supervised Release for conduct to include Commission of a New Federal Crime (Possession of Child Pornography) and Possession of Data Storage Devices without Approval.

Bowen commenced his fourth and current term of Supervised Release on December 8, 2021, and was residing with his parents in the Western District of North Carolina upon his release. Bowen relocated to the Northern District of New York on May 30, 2023, and his case was reassigned on August 19, 2025. Bowen currently has a monitored laptop and is employed full-time with Supervillain Software Group.

Bowen has displayed several instances of noncompliance throughout his current term of supervised release. Specifically, on June 6, 2023, Bowen admitted to probation staff that he used THC while still under the supervision of the Western District of North Carolina Probation Office. On July 7, 2023, Bowen tested positive for alcohol and admitted to use. During a home contact on August 21, 2025, Bowen admitted to relapsing with alcohol use approximately three weeks prior and consumed alcohol on August 20, 2025. Additionally, Bowen reported to the probation office on September 8, 2025, and tested positive for alcohol. When confronted, he admitted to consuming alcohol on September 6, 2025. Bowen reported to the probation office on October 15, 2025, and admitted to consuming alcohol on or about October 12, 2025.

Bowen's conditions of release were modified on October 20, 2025, to include a 30-day placement in the Remote Alcohol Detection Program as a response to several relapses with alcohol use as cited above. On November 15, 2025, he tested positive for alcohol via Remote Alcohol Detection and admitted to relapsing with alcohol yet again the evening prior.

On November 17, 2025, Bowen was admitted into inpatient alcohol treatment at Spring Hill Recovery (Ashby, MA) and completed this program on December 8, 2025.

On February 3, 2026, the probation office received information indicating that the FBI tracked CSAM (child sex abuse material) being uploaded from Bowen's IP address via a peer-to-peer file sharing/bit-torrent network from December 31, 2025, through January 1, 2026. Based on this information, a search of Bowen's residence was conducted on March 18, 2025. During the search, a laptop and tower were located on the first floor of the residence and a user profile with the name 'Liam' was discovered on the device. Additionally, Bowen's roommate indicated that this device is utilized by Bowen. Bowen did not have prior authorization to utilize this device. Additionally, on March 18, 2026, Bowen admitted to relapsing with alcohol use on four of the seven previous nights.

The defendant continues to make poor decisions and is unwilling to follow his conditions of release. Therefore, we respectfully request a warrant for his arrest.

In this case, the defendant was originally convicted of a **Class C Felony** and therefore, the Court may not impose a sentence of more than 2 years' imprisonment pursuant to 18 U.S.C. § 3583(e)(3). The Court may sentence the defendant to a period of supervised release of up to life, less any term of imprisonment that was imposed upon revocation of supervised release, pursuant to 18 U.S.C. § 3583(h).